### In re Gordon R. SIMMONDS.

No. 10–08–00167–CV.

Court of Appeals of Texas, Waco.

Nov. 26, 2008.

Gordon R. Simmonds, Abilene, pro se.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Under chapter 14 of the Civil Practice and Remedies Code, is an inmate required to pay the court costs in an action that has been dismissed as frivolous before he can file a new lawsuit if the dismissal order is not final? No.

### Introduction

Chapter 14 of the Civil Practice and Remedies Code governs suits brought by an inmate in which the inmate files an indigence affidavit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). Relator Gordon Simmonds, a prison inmate, sued the Texas Department of Criminal

Justice and five of its officials (the TDCJ). Because Simmonds also filed an indigence affidavit, chapter 14 applied to his suit. *Id.* The district court dismissed Simmonds's suit as frivolous under chapter 14, and Simmonds is appealing that ruling. Simmonds then tried to file a new and different lawsuit, but the Respondent District Judge, the Honorable William L. McAdams, and the Respondent District Clerk, the Honorable Robyn Flowers, have refused to file it because Simmonds has not paid the court costs in the dismissed suit that is on appeal.

In this original proceeding, Simmonds seeks either a writ of prohibition or a writ of mandamus compelling Respondents to file his new lawsuit. We requested, but did not receive, a response from the Respondents.

## Applicable Statutes

This proceeding involves the application of sections 14.006(a), 14.007, and 14.011(a) of chapter 14. Section 14.007 provides:

(a) An order of a court under Section 14.006(a) shall include the costs described by Subsection (b) if the court finds that:

(1) the inmate has previously filed an action in a district, county, justice of the peace, or small claims court; *and*

(2) *a final order* has been issued that affirms that the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(b) Costs under Subsection (a) shall include, as costs of court, expenses incurred by the court or by the department, jail, or private facility operator, in connection with the claim and not otherwise charged to the inmate under Section 14.006, including:

(1) expenses of service of process;

(2) postage; and

(3) transportation, housing, or medical care incurred in connection with the appearance of the inmate in the court for any proceeding.

*Id.* § 14.007 (emphasis added).

Subsection 14.006(a) states:

A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section and Section 14.007. The clerk of the court shall mail a copy of the court's order and a certified bill of costs to the department or jail, as appropriate.

*Id.* § 14.006(a). Subsection 14.011(a) provides in pertinent part:

[O]n receipt of an order assessing fees and costs under Section 14.006 that indicates that the court made the finding described by Section 14.007(a), a clerk of a court may not accept for filing another claim by the inmate until the fees and costs assessed under Section 14.006 are paid.

*Id.* § 14.011(a).

## Factual and Procedural Background

Simmonds filed suit (Cause No. 23516) in the 12th District Court of Walker County against the TDCJ in July 2006. On September 24, 2007, the court signed an order dismissing with prejudice Simmonds's suit, finding it frivolous under chapter 14. *See id.* § 14.003(a), (b). Simmonds filed a notice of appeal of that dismissal order, and we have docketed that appeal as Cause No. 10–07–00361–CV. It is still pending.

A deputy district clerk wrote Simmonds the following letter dated October 16, 2007:

Enclosed please find a copy of the signed *Order of Dismissal* by Judge McAdams in cause # 23516 on September 24th, 2007. Please be aware that the monies charged for filing fees when you

filed a new civil law suit, $639.00, became frivolous cost when your case was dismissed as frivolous. You will not be able to file in the courts of Walker County until all costs are paid. Your remaining balance is $639.00.

On November 29, 2007, Simmonds submitted directly to Judge McAdams a new civil petition (and the required chapter 14 affidavits) in which he seeks to sue Mickey Todd, a fellow inmate, for theft of property and assault.[1] Simmonds states that he sent the petition directly to Judge Mc-Adams, as allowed by Rule of Civil Procedure 74, because of the clerk's letter's stated intention to bar him from filing future lawsuits in Walker County until he paid the prior costs in Cause No. 23516. In his transmittal letter to Judge Mc-Adams, Simmonds explained his position that, because he was appealing the frivolousness dismissal order in Cause No. 23516 and the dismissal order was thus not final, the clerk's letter erred in concluding that the clerk could not accept a new lawsuit from Simmonds until he paid the prior costs.

It appears from the record that Judge McAdams took no action on Simmonds's direct submission. Therefore, on April 6, 2008, Simmonds tendered for filing his petition (and the required chapter 14 affidavits) against Todd to the Walker County District Clerk and, in his transmittal letter, again communicated his view that subsection 14.011(a) did not apply because he was appealing the frivolousness dismissal order in Cause No. 23516. The deputy district clerk returned Simmonds's proposed filing, stating in an April 9, 2008 letter:

The District Clerk has received your recent request. It is being returned to you for the following reasons:

Attached is a copy of an order that was signed on September 24th, 2007. As stated in that order for cause # 23516[,] that was dismissed as frivolous. The clerk may NOT accept for filing any other lawsuit filed by the plaintiff until the bill of cost assessed against plaintiff has been paid in full. There is a balance of $639.00 for cause # 23516, once these fees have been paid you may file this complaint with our office.

## Writ of Prohibition

■ We will issue a writ of prohibition only to protect our jurisdiction. *In re Salas*, 994 S.W.2d 422, 423 (Tex.App.-Waco 1999, orig. proceeding). Its use is limited to cases in which we have actual jurisdiction of a pending proceeding. *Id.* Simmonds argues that the Respondents' refusal to file his lawsuit because of the frivolousness dismissal order that is presently before us on appeal acts as an ancillary sanction that interferes with our jurisdiction over his pending appeal. We disagree. Respondents' use of the frivolousness dismissal order to bar the filing of his new lawsuit does not interfere with our jurisdiction over Simmonds's appeal. That use interferes only with Simmonds's attempt to file his new lawsuit, which we address below. We deny Simmonds's petition for writ of prohibition.

## Writ of Mandamus

■ We will grant mandamus relief if there has been an abuse of discretion and

---

1. The dissenting note's notion that Todd, a potential defendant who has not been served with process in a suit that has not even been filed, is a party to this proceeding is unsupported by law. Moreover, Todd is not a real-party-in-interest in this proceeding because his interest, if any, is only indirectly affected by the relief Simmonds seeks. It is only the district clerk's interest—in the form of receiving court costs owed by Simmonds—that is directly affected. *See* Tex R.App P. 52.2.

the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–38 (Tex.2004). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts of the case. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). "A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex.2001).

The district clerk has a ministerial duty to accept and file all pleadings presented for filing. *In re Bernard*, 993 S.W.2d 453, 454 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring); *see also DeLeon v. District Clerk*, 187 S.W.3d 473, 474 (Tex. Crim.App.2006) (orig.proceeding). But, a court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk except to protect our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004); *In re Bernard*, 993 S.W.2d 453, 454 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding). The district court also has the power to issue writs to enforce its jurisdiction. *See* Tex. Gov't Code Ann. § 24.011 (Vernon 2004); *In re Bernard*, 993 S.W.2d at 454 (O'Connor, J., concurring) ("When a district clerk refuses to accept a pleading presented for filing, the party presenting the document may seek relief by filing an application for writ of mandamus in the district court.").

*In re Long*, 2007 WL 765284, at *3, n. 9 (Tex.App.-Waco March 14, 2007, orig. proceeding) (mem.op.).

▆▆▆ In this proceeding, we are faced with the Respondent district judge's implicit refusal to file Simmonds's lawsuit or to order the district clerk to file it and the Respondent district clerk's explicit refusal to file Simmonds's lawsuit. Before we address the merit of their refusals to file Simmonds's lawsuit, we will examine whether mandamus relief would be proper.

> When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. Tex.R. Civ. P. 74. Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading.[2]

*Bernard*, 993 S.W.2d at 455 (O'Connor, J., concurring) (quoted in *Long*, 2007 WL 765284, at *3). We have agreed with that view, noting that it is within our mandamus power to direct a district judge to rescind his order to the district clerk not to accept a lawsuit for filing. *Long*, 2007 WL 765284, at *3.

In this case, Simmonds correctly anticipated that the district clerk would not file his lawsuit, so he first went to the district judge, who refused to file it. Simmonds then went to the district clerk, who also refused. Under these circumstances, we have jurisdiction under our mandamus power to consider whether to order the district court to accept Simmonds's lawsuit for filing. *See Long*, 2007 WL 765284, at *3; *Bernard*, 993 S.W.2d at 455 (O'Connor, J., concurring).

**2.** The district court, having been served with Simmonds's verified petition for writs of prohibition and mandamus, still has not accepted Simmonds's suit for filing or ordered the district clerk to accept it for filing.

### Analysis

We now turn to the applicable statutory law. As noted above, subsection 14.011(a) provides that when a clerk receives an order assessing fees and costs under section 14.006 that indicates that the court made the finding described by subsection 14.007(a), the clerk may not accept for filing another claim by the inmate until the fees and costs assessed under section 14.006 are paid. TEX. CIV. PRAC. & REM. CODE ANN. § 14.011(a). Thus, if subsection 14.007(a) applies to Simmonds, the clerk could refuse to file his new lawsuit.

The clerk's record in Cause No. 23516 (Appeal No. 10–07–00361–CV), which we take judicial notice of, contains the following:

- A bill of cost for the $207.00 filing fee, dated July 13, 2006.
- The trial court's July 13, 2006 order directing the TDCJ to withdraw payments from Simmonds's inmate trust account, as provided for in subsection 14.006(a), to pay the $207.00 filing fee.[3]
- A supplemental bill of cost in the amount of $108.00 for subpoena and service fees, dated July 24, 2007.
- The trial court's July 24, 2007 order directing the TDCJ to withdraw payments from Simmonds's inmate trust account, as provided for in section 14.006, to pay the $108.00 supplemental bill of costs.
- Another supplemental bill of cost in the amount of $324.00 for subpoena and service fees, dated July 27, 2007.
- The trial court's July 27, 2007 order directing the TDCJ to withdraw payments from Simmonds's inmate trust account, as provided for in subsection 14.006(a), to pay the $324.00 supplemental bill of costs.[4]

---

3. The balance of section 14.006 provides:

(b) On the court's order, the inmate shall pay an amount equal to the lesser of:
(1) 20 percent of the preceding six months' deposits to the inmate's trust account; or
(2) the total amount of court fees and costs.
(c) In each month following the month in which payment is made under Subsection (b), the inmate shall pay an amount equal to the lesser of:
(1) 10 percent of that month's deposits to the trust account; or
(2) the total amount of court fees and costs that remain unpaid.
(d) Payments under Subsection (c) shall continue until the total amount of court fees and costs are paid or until the inmate is released from confinement.
(e) On receipt of a copy of an order issued under Subsection (a), the department or jail shall withdraw money from the trust account in accordance with Subsections (b), (c), and (d). The department or jail shall hold the money in a separate account and shall forward the money to the court clerk on the earlier of the following dates:

(1) the date the total amount to be forwarded equals the total amount of court fees and costs that remains unpaid; or
(2) the date the inmate is released.
(f) The inmate shall file a certified copy of the inmate's trust account statement with the court. The statement must reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed. The court may request the department or jail to furnish the information required under this subsection.
(g) An inmate may authorize payment in addition to that required by this section.
(h) The court may dismiss a claim if the inmate fails to pay fees and costs assessed under this section.
(i) An inmate may not avoid the fees and costs assessed under this section by non-suiting a party or by voluntarily dismissing the action.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.006(b)-(i).

4. Subsection 14.007(b) provides that costs of court under subsection 14.007(a) shall include service fees, but that inclusion occurs *only* if there has been a finding that an in-

• The trial court's September 24, 2007 order dismissing with prejudice Simmonds's action as frivolous (but with no additional order providing for the assessment of costs under subsection 14.006(a), as required by subsection 14.007(a), nor with the findings required by subsections 14.007(a)(1) and (2)).

■ The trial court's several subsection 14.006(a) orders in Cause No. 23516 do not include the findings specified in subsection 14.007(a) that are necessary for the bar in subsection 14.011(a) to be triggered with respect to Respondents' refusal to accept for filing Simmonds's suit against Todd.[5] That defect alone warrants mandamus relief in this proceeding because of the failure to apply the law correctly. For a court order under subsection 14.006(a) to be in compliance with subsection 14.007(a) so as to allow a clerk to properly refuse to file a new suit under subsection 14.011(a), that order must include a finding that (1) the inmate has previously filed a civil action in a state court and (2) a final order has been issued that affirms that the ac-

tion was dismissed as frivolous.[6]   *Id.* § 14.007(a)(1)-(2). Only then is subsection 14.011(a) triggered: "[O]n receipt of an order assessing fees and costs under Section 14.006 that indicates that the court made the finding described by Section 14.007(a), a clerk of a court may not accept for filing another claim by the inmate until the fees and costs assessed under Section 14.006 are paid." *Id.* § 14.011(a).

■ We will proceed to reach the larger issue of whether a frivolousness dismissal order *being appealed* is a "final" order under subsection 14.007(a)(2) for purposes of triggering subsection 14.011(a). This issue is a matter of first impression. We begin our analysis by reading subsections 14.007(a)(2) and 14.011(a) in concert: If a final order has been issued that affirms that an inmate's action was dismissed as frivolous, the clerk may not accept for filing another claim by the inmate until the assessed fees and costs in the dismissed action are paid. *See id.* §§ 14.007(a)(2), 14.011(a).

■ Undoubtedly, the trial court's order of dismissal in Cause No. 23516 is a

mate's action has been dismissed as frivolous by a final order. *See id.* § 14.007(a), (b). Because such a finding had not been made when the July 24 and July 27 service fees totaling $432.00 were billed as costs against Simmonds, we question their premature assessment, but that issue is not before us in this proceeding.

5. Plainly, a clerk's letter like those sent to Simmonds cannot satisfy the statute's requirement for a court order.

6. Upon these findings, in addition to the chargeable costs (court fees and court costs) in subsection 14.006(a), the order shall also include as costs the expenses incurred by inmate's custodian in connection with the inmate's claim, including service fees, postage, and transportation, housing, or medical care expenses incurred in connection with the inmate's court appearances. *See id.* § 14.007(b).

We see no practical reason why a trial court's order dismissing a suit as frivolous (or malicious) cannot, for purposes of subsection 14.011(a), include the required subsection 14.007(a) findings and the subsection 14.006(a) costs assessment as long as that order also provides, as we hold below, that subsection 14.011(a) applies only if the inmate has exhausted or waived his appeal of the frivolousness dismissal order. Including all of these items in the dismissal order is judicially economical and will also assist the inmate, the appellate court, and the trial-court clerk in properly addressing further and any new proceedings. Alternatively, if an inmate does not appeal the frivolousness dismissal order, a postjudgment order entered after the deadline for filing a notice of appeal and including the required subsection 14.007(a) findings would suffice.

"final order" for the purpose of appeal—it actually disposes of all claims and parties. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex.2001). And, Simmonds's appeal of that dismissal order is pending before us. But we cannot conclude that it is a "final order" for the purpose of the application of subsection 14.011(a) for several reasons.[7]

██ First, a judgment is not final, in the sense that the litigation is concluded, so long as an appeal is pending. *See Apparel Contractors, Inc. v. Vantage Prop., Inc.*, 620 S.W.2d 666, 668 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). But at least one exception to that rule exists: A judgment is final for purposes of issue and claim preclusion (res judicata) despite the taking of an appeal unless the appeal actually consists of a trial de novo. *Scurlock Oil v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986). In *Scurlock Oil*, the supreme court adopted the Restatement's rule because under the then-extant rule, "until all avenues of appeal have been exhausted, the victor in the first suit has little incentive to go to trial in a subsequent suit, and the first suit loser has every reason to procrastinate on appeal. Moreover, the waste of judicial time in relitigating already decided issues is apparent." *Scurlock Oil*, 724 S.W.2d at 6.

Neither res judicata nor the rationale in *Scurlock Oil* applies to Simmonds's situation. In his new lawsuit, Simmonds is not attempting to relitigate any issue decided in Cause No. 23516, and Simmonds has no incentive to procrastinate in the appeal of the trial court's dismissal of Cause No. 23516.

Second, under the analogous federal statute,[8] federal courts hold that frivolousness dismissals do "not count against a prisoner until he has exhausted or waived his appeals." *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996); *see Thompson v. DEA*, 492 F.3d 428, 432–33 (D.C.Cir.2007) (counting dismissals as strikes only when appeals have been exhausted or waived); *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir.2006) (same); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999) (same).

Any other reading of the statute [section 1915(g)] poses a risk of inadvertently punishing nonculpable conduct. For example, an indigent prisoner's fourth

---

**7.** We have noted:

As the Supreme Court has recently observed, "the term 'final,' as applied to judgments, has more than one meaning." *Sultan v. Mathew*, 178 S.W.3d 747, 751 (Tex. 2005) (quoting *Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988) (orig.proceeding)).

The term 'final judgment' applies differently in different contexts. A judgment is 'final' for purposes of appellate jurisdiction if it disposes of all issues and parties in a case. The term 'final judgment' is also used with reference to the time when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata. *Id.* (quoting *Street*, 756 S.W.2d at 301) (quoting *McWilliams v. McWilliams*, 531 S.W.2d 392, 393–94 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ) (citations omitted)).

*Oscar Renda Contracting, Inc. v. H & S Supply Co., Inc.*, 195 S.W.3d 772, 775 (Tex.App.-Waco 2006), pet. denied.

**8.** That federal statute provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

claim could expire while his first three dismissals were being reversed on appeal.... It is uncontroversial from the plain language of the statute that Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors.

*Adepegba*, 103 F.3d at 387–88.

Chapter 14 was designed to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates, consuming valuable judicial resources with little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex.App.-Waco 1996, no writ). But the federal case law's rationale for not counting a frivolousness dismissal until the inmate has exhausted or waived his appeal equally applies to Texas inmates and subsections 14.007(a)(2) and 14.011(a), while maintaining chapter 14's purpose of discouraging and penalizing truly frivolous lawsuits. If an inmate is appealing a frivolousness dismissal, barring him from filing a new suit until he has paid the costs in the dismissed action could inadvertently punish the inmate's nonculpable conduct if the frivolousness dismissal is reversed and the new claim expires. *See, e.g., Brewer v. Simental,* 268 S.W.3d 763 (Tex.App.-Waco, 2008, no pet. h.) (reversing trial court's dismissal of inmate's suit as frivolous). If the frivolousness dismissal order is affirmed, the inmate is then properly penalized and discouraged from filing another frivolous suit, and any suit filed while the appeal was pending could be abated or dismissed without prejudice until the inmate paid the costs in the now-final dismissed action.

We therefore hold that subsection 14.011(a) does not allow a clerk or trial court to refuse to accept for filing another claim by an inmate until the inmate has exhausted or waived his appeal of the dismissal order at issue in the subsection 14.007(a)(2) finding.

By refusing to file Simmonds's lawsuit under an incorrect application of subsections 14.007(a) and 14.011(a), the Respondent district judge abused his discretion. *See* Tex.R. Civ. P. 74. We also find that Simmonds lacks an adequate remedy by appeal because there is no underlying action and thus no appealable order. *See Long,* 2007 WL 765284, at *3 ("We further find that Long lacks an adequate remedy by appeal; there are no underlying actions and thus no appealable orders in those actions.").

### Conclusion

We conditionally grant in part Simmonds's petition for writ of mandamus. Within fourteen days after the date of this opinion, Simmonds shall resubmit his petition against Todd and his chapter 14 affidavits to the Respondent Judge McAdams.[9] The writ will issue only if the Respondent fails to advise this Court in writing within 28 days after the date of this opinion that Simmonds's petition and chapter 14 affidavits have been filed with him and that those items have been transmitted to the district clerk, whom we have no doubt will accept it for filing based on this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The problem with this proceeding at this time is that there is no one to oppose the requested relief because the real party in

9. Because we have no information on the location or the district judge's disposition of Simmonds's original submission of his suit to the district judge, we reject Simmonds's request that we order the district judge to file that original submission. Moreover, Simmonds's chapter 14 affidavits are likely stale.

interest has never been served and was not asked to file a response. In addition, because of the importance of the issue when inmates sue the State, repeatedly, I would ask for briefing from the Attorney General before proceeding. Accordingly, I dissent.

I note that there are a number of problems in this proceeding. The most fundamental problem, as mentioned above, is that the real party in interest, the only individual with a vested interest in the outcome, was never served with the petition. And even though the issue was raised when the Court requested a response, the issue was not addressed because, as the Court notes, the request for a response was made of only the Respondents. In this dissenting opinion, I am not going to even try to discuss what should be other procedural impediments to granting relief, such as the appendix and record were not served on the Respondents. And because the procedural problems overshadow the merits review, I will only address the merits in footnotes in this opinion.

This is primarily a mandamus proceeding to compel a district clerk to file a new case in Walker County.[1] Simmonds, the relator, already has an appeal pending of the trial court's dismissal of a different suit as frivolous. *Simmonds v. TDCJ–ID*, No. 10–07–00361 (the "TDCJ–ID suit"). The TDCJ–ID suit was dismissed as frivolous. Simmonds wants to file a new suit in the trial court against Todd ("new suit") before his appeal from the dismissal of the TDCJ–ID suit as frivolous is finished.

---

1. The Court discusses the writ of prohibition and the writ of mandamus against Judge McAdams. The Court's conditional writ is actually issued against Judge McAdams for his purported failure to accept the filing of an original petition and failure to "forthwith transmit" it to the office of the clerk under Texas Rule of Civil Procedure 74. Neither Simmonds nor the Court notes the entirely discretionary nature of a trial court's acceptance of filing under Rule 74. That rule states:

    > The filing of pleadings, other papers, and exhibits as required by these rules shall be made by filing them with the clerk of the court, except the judge *may* permit the papers to be filed with him .... (emphasis added)

    TEX.R. CIV. P. 74. Being a purely discretionary matter, it is wholly improper to hold that the trial court abused its discretion by not allowing the filing to be made directly with the trial court. In recognition of this problem, Simmonds notes in this petition for writ of mandamus that the papers he sent to Judge McAdams "... actually amounted to a petition for writ of mandamus directing the clerk to accept and file the petition." Thus, Simmonds has recognized the proper method to get the actions of the clerk and trial court reviewed. If the clerk will not act, then file a mandamus with the trial court. *In re Bernard*, 993 S.W.2d 453, 454 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring). If the trial court denies the requested relief, then appeal the denial. *See Anderson v. Seven Points*, 806 S.W.2d 791, 792 (Tex.1991). If the trial court refuses to file the mandamus, file a mandamus with the court of appeals to compel the trial court to accept the filing of the mandamus. *Bernard*, 993 S.W.2d at 455. If the trial court files the mandamus but refuses to rule on it, then file a mandamus with the court of appeals to compel the trial court to rule. *White v. Reiter*, 640 S.W.2d 586, 593–94 (Tex.Crim.App.1982). If the trial court denies the requested relief, then appeal the denial. *See Anderson*, 806 S.W.2d at 792. Thus, because there is another adequate remedy at law, the mandamus to compel the trial court to accept the *filing* of Simmonds's new suit should be denied. Further, it certainly should not be conditionally granted when there is absolutely nothing in the record before us to indicate that the trial court was ever advised of the need to rule. *See In re Minnfee*, No. 07–08–0416–CV, 2008 WL 4643870, 2008 Tex.App. LEXIS 7982 (Tex.App.-Amarillo Oct.21, 2008, orig. proceeding) (If the record does not affirmatively show that the trial court was aware of the need to take some action, mandamus to compel the action is improper. Correspondence addressed to the trial court, alone, is inadequate to establish the trial court's awareness of the need to act.).

One of the issues the Court purports to decide is that as long as the frivolous finding is not final for *all* purposes, the inmate cannot be prohibited from filing additional proceedings. The Court recognizes that this determination is not necessary to its decision but addresses it anyway because it is the "larger issue." Thus, this purported holding is dicta. But based on the Court's holding, inmates will be able to load up the trial court with new proceedings, frivolous or not, while the dismissal of a proceeding which has already been determined to be frivolous is being appealed.[2]

The Court addresses the no-service-on-the-real-party-in-interest issue by taking the position that Todd, a named defendant who has not been served with process in the new suit, is not a party to this proceeding. *See* Opinion footnote 1. The Court's position is contrary to the Rules of Appellate Procedure. This is an original proceeding. It is not an appeal. The parties

to an original proceeding are defined by the Rules of Appellate Procedure.

The party seeking relief is the relator. In original proceedings other than habeas corpus, the person against whom relief is sought—whether a judge, court, tribunal, officer, or other person—is the respondent. A person whose interest would be directly affected by the relief sought is a real party in interest and a party to the case.

Tex.R.App. P. 52.1

Based upon the petition and exhibits filed in this original proceeding, Todd is also an inmate in the Texas Department of Criminal Justice–Institutional Division. The suit has not been filed against Todd because Simmonds had another proceeding against employees of the Texas Department of Criminal Justice–Institutional Division dismissed as frivolous. Simmonds has therefore been prohibited from filing new suits until the cost from his prior frivolous proceeding has been paid.[3] If,

---

**2.** This prohibition against filing new proceedings is a consequence of an inmate's own action, and we should not give inmates, what is in effect, a supersedeas of the bar to filing additional proceedings without the advance payment of cost. Further, the Court's reading of Texas Civil Practice and Remedies Code § 14.007(a)(2) is too narrow. In the TDCJ–ID suit, the trial court rendered a final judgment, which affirms that the trial court dismissed the suit because it determined the suit was frivolous. The purpose of the statute is so that there would be no question as to the ground or basis for the trial court's dismissal. If the Legislature had intended the result now determined by the Court, it is more likely the Legislature would have used a phrase referencing the issuance of an appellate mandate, which is the act which finalizes the appellate court's judgment upon review of the trial court's dismissal as being frivolous. Under the Court's interpretation of the statute, an inmate would never be barred from subsequently filing new proceedings if no appeal were taken from the frivolous suit determination because there would never be a final order that "affirms" the trial court's dismissal

as frivolous. And to avoid that "absurd" result, the Court is willing to give the statute one meaning if there is an appeal and another meaning if there is not. It cannot have two meanings. I believe the Legislature was simply saying it must be clear that the trial court's dismissal of the suit was because the trial court had determined the suit to be frivolous as opposed to being dismissed for some other failure to comply with Chapter 14. The construction given to the statute by the Court, however, acts as a statutorily granted supersedeas of the trial court's determination and judgment. Given that unless a judgment for money is superseded by the judgment debtor, a judgment creditor can proceed to execute on the debtor's property, including having it sold to satisfy the judgment, it seems odd that the Legislature would grant an inmate this form of supersedeas since the purpose is to prevent further filings by the inmate.

**3.** I note that subsequent to the trial court's order in the TDCJ–ID suit, Simmonds filed a number of post judgment documents with the trial court clerk, including a notice of appeal.

however, the Court's conditional writ is complied with, or if the writ is issued, a suit against Todd will be filed and he will thus become the defendant in another proceeding, a civil suit for a protective order and damages. Thus Todd's "interest would be directly affected by the relief sought" by Simmonds in this original mandamus proceeding. *Id.* By definition, that makes Todd "a party to the case" and that case is this original proceeding. *Id.* Todd has not been served in this original proceeding. He should be served.

The Court tries to avoid this problem by redefining direct and indirect interest. The Court, in footnote 1, takes the position that the Respondent District Clerk, who is being deprived of the payment of fees and cost, is the only person with a direct interest in this proceeding. The Court cites no authority for that proposition. The Court's view of an interest that is directly affected by this mandamus proceeding is too narrow. Upon the filing of the suit as a direct and immediate result of the granting of the relief in this proceeding, Todd will become the defendant in a civil suit. That suit *will* be *immediately* filed *against Todd* if the Court grants the relief requested in this proceeding. Being named as a defendant in civil litigation is a direct adverse consequence and that remains so even before service is accomplished in the new suit. And because of the limitless scope of the Court's holding, Simmonds will be able to pursue Todd without the advance payment of cost; so service will be accomplished at the taxpayer's expense. And while service may bring Todd closer to an adverse *consequence* in the litigation, just the fact that he will be a named defendant in a civil proceeding immediately upon the filing of the suit by the Respondent District Clerk means that the relief being granted directly affects Todd. Further, the rule is quiet clear. There is no suggestion in the rules that the same person or entity in a single capacity could properly occupy both positions, respondent and real party in interest.

Alternatively, if Todd is not the real party in interest, then the real parties in interest would be the persons on whose behalf the fees, cost, and expenses are to be collected. *See generally* TEX. GOV'T CODE ANN. § 51.317, et seq. (Vernon 2005 & Vernon Supp.2008). The District Clerk is not collecting fees for her treasury. Because the filing fees, court cost, and expenses when collected as a part of the fees, cost, and expenses are paid to various persons and funds, including the county, to reimburse the defendants in the TDCJ–ID frivolous suit for fees they have paid, the court reporter, the sheriff, etc., each of those persons would become, under the Court's rationale (with which I do not agree), directly affected by the collection of court cost, fees, and expenses owed by Simmonds in either the new suit or the TDCJ–ID suit which was dismissed as frivolous. (It is not clear which deprivation of fees and cost that the clerk is not collecting is being referred to by the Court; those not paid in the new suit, or those not paid in the TDCJ–ID suit). Under the Court's rationale, they are the real parties in interest and have not been served, nor has a response been requested from them.

And because of the way Chapter 14 dismissals operate, I also contend that we should seek briefing from the Attorney General on the issues presented in this mandamus proceeding. Chapter 14 of the Civil Practice and Remedies Code deals

---

All these documents were filed by the trial court clerk in the TDCJ–ID suit after the trial court clerk had notified Simmonds that due to the frivolous suit determination and dismissal, he could not file anything else in that office.

with litigation by inmates who file affidavits of indigence seeking to pursue litigation without the advance payment of cost. In Chapter 14 proceedings, the trial court can dismiss the proceeding as being frivolous or as failing to comply with the requirements of indigent inmate litigation before the defendant to the suit is served. This presents some challenges to us on appeal because frequently there is no appellee to respond or to challenge the claims and allegations of the appellant.

Our adversarial system is founded on two competing parties challenging the other and presenting arguments in support of their respective positions. In many of the appeals of suits under Chapter 14 of the Civil Practice and Remedies Code that are dismissed before the defendant is served, the prospective defendant is an employee of the State of Texas. It is not uncommon, therefore, for the State's attorney, the Attorney General of the State of Texas, to file an Amicus Curiae brief to present the opposing arguments. Because the issue being decided by this Court will require that all suits tendered for filing by an inmate that are presented to the trial court clerks anywhere in the State by an inmate who is also pursuing an appeal of a frivolousness determination will all have to be filed until the appeal is final, I would like to have some help briefing the issue by someone whose interest will be adversely affected by the Court's ruling or who is charged with protection of the interests they are employed to protect. Thus, I would specifically request briefing on the issue from the Attorney General. The Court did not.

So the Court, unencumbered by anyone that has an interest in opposing what the Court is doing, or by any other form of judicial restraint, proceeds to decide issues that are not necessary for the disposition of this proceeding but could, nevertheless, burden this Court, and this State, for years because of the sheer number of inmates that are housed in prisons in this judicial district.

I could spend a lot of time and effort explaining the many other problems in this proceeding. But there is no one to proceed to take these issues to the next level and get them corrected because the real party in interest does not even know that this proceeding is occurring. On the record before us, I would deny the petition. I join no part of the manner in which this proceeding has been developed, the opinion, or the judgment. Accordingly, I respectfully dissent.