IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00134-CV

 

In re
Dennis Davis and Gail Davis

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

 

            The
petition for writ of mandamus is denied.

 

 

                                                                        PER
CURIAM

 

 

Before Chief Justice
Gray,

            Justice Reyna,
and

            Justice Davis

Petition denied

Opinion delivered and
filed May 7, 2009

[OT06] 

 






 upon on at least ten
separate occasions, that would have helped us understand what his ultimate
objective is and more to the point, would have allowed us to see if he was
entitled to mandamus relief.  He did not.  Further, in the petition for writ of
mandamus filed with us, Jones did not refer to a case number or offense or
provide any other information that would help us identify the particular
proceeding he seeks to expunge.

            We note that we are processing a
direct appeal from an expunction proceeding regarding a terroristic threat
charge out of Robertson County and initially thought that these two proceedings
were related.  See Ex parte Jones, 10-10-00376-CV.  Upon further review, they appear to not be related.

            Notwithstanding a number of procedural
irregularities, which we use Rule 2 to look past and proceed to a more
expeditious result, Jones has failed to show that he is entitled to relief by
mandamus.  Tex. R. App. P. 2. 
Specifically, we do not have jurisdiction by petition for writ of mandamus over
the Clerk or the Court Coordinator unless it is to protect our jurisdiction.  See
Tex. Gov't Code Ann. § 22.221
(Vernon 2004); In re Simmonds, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008,
orig. proceeding).  The petition filed does not raise an issue regarding the
need to protect, or danger to, our jurisdiction.  Additionally, Jones presents
no suggestion that he followed the procedure in the trial court to have Judge
Steve Smith recused and we do not have jurisdiction to entertain a motion to
recuse a trial court judge without the issue having been first presented to the
presiding judge of the judicial region.  See Tex. R. Civ. P. 18a.  For these reasons, we dismiss Jones’s
petition.

            Further, Jones did not pay the filing
fee with his petition.  Absent a specific exemption, the Clerk of the Court
must collect filing fees at the time a document is presented for filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees
(Amended Aug. 28, 2007, eff. Sept. 1, 2007).  See also Tex. R. App. P. 5; 10th
Tex. App. (Waco) Loc. R. 5; Tex. Gov’t Code Ann. § 51.207(b); §
51.941(a) (Vernon 2005); and § 51.208 (Vernon Supp. 2009).  Under the
circumstances, we suspend the rule and order the Clerk to write off all unpaid
filing fees in this case.  Tex. R. App.
P. 2.  The write-off of the fees from the accounts receivable of the
Court in no way eliminates or reduces the fees owed by Jones.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
dismissed

Opinion
delivered and filed December 8, 2010

[OT06]