

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00423-CV

## IN RE TOMMIE L. JONES

_____

## Original Proceeding

## MEMORANDUM OPINION

In this proceeding, Tommie Leon Jones seeks a writ of mandamus in connection with an expunction of a criminal proceeding. His complaints are against the District Clerk of Brazos County, the Honorable Marc Hamlin, and the 361st District Court coordinator, Tiffany Jakubik. Based on the petition for writ of mandamus as filed, Jones wants Hamlin to file the expunction proceeding and Jakubik to present it to the Honorable Steve Smith, District Judge of the 361st District Court of Texas which sits in Brazos County, so that it can be properly processed. However, in a motion buried within his petition for writ of mandamus he also asks this Court to require the recusal of the trial court judge.

Beyond this, we are unable to understand what it is that Jones seeks. This is in large part because Jones has failed to comply with the requirements for the form and content of the mandamus petition. TEX. R. APP. P. 52.3. The most problematic failure is the failure to attach sworn copies of the documents he relies upon for mandamus relief and the total failure to provide a record of any type. *Id.* (k)(1)(A); 52.7. If Jones had attached a record that included a sworn copy of the petition for expunction that he asserts he has tendered for filing or to be acted upon on at least ten separate occasions, that would have helped us understand what his ultimate objective is and more to the point, would have allowed us to see if he was entitled to mandamus relief. He did not. Further, in the petition for writ of mandamus filed with us, Jones did not refer to a case number or offense or provide any other information that would help us identify the particular proceeding he seeks to expunge.

We note that we are processing a direct appeal from an expunction proceeding regarding a terroristic threat charge out of Robertson County and initially thought that these two proceedings were related. *See Ex parte Jones*, 10-10-00376-CV. Upon further review, they appear to not be related.

Notwithstanding a number of procedural irregularities, which we use Rule 2 to look past and proceed to a more expeditious result, Jones has failed to show that he is entitled to relief by mandamus. TEX. R. APP. P. 2. Specifically, we do not have jurisdiction by petition for writ of mandamus over the Clerk or the Court Coordinator unless it is to protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). The

petition filed does not raise an issue regarding the need to protect, or danger to, our jurisdiction. Additionally, Jones presents no suggestion that he followed the procedure in the trial court to have Judge Steve Smith recused and we do not have jurisdiction to entertain a motion to recuse a trial court judge without the issue having been first presented to the presiding judge of the judicial region. *See* TEX. R. CIV. P. 18a. For these reasons, we dismiss Jones's petition.

Further, Jones did not pay the filing fee with his petition. Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (Vernon 2005); and § 51.208 (Vernon Supp. 2009). Under the circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by Jones.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Petition dismissed
Opinion delivered and filed December 8, 2010
[OT06]