

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00348-CV

**ALFRED LEE STONE,**

**Appellant**

 **v.**

**GARY L. JOHNSON, ET AL,**

**Appellees**

**From the 278th District Court
Walker County, Texas
Trial Court No. 20625-C**

## MEMORANDUM OPINION

Alfred Lee Stone attempts to appeal from the trial court's order dismissing his cause of action as frivolous. The judgment was entered on November 23, 1999, and Stone filed a notice of appeal on November 14, 2014. By letter dated December 3, 2014, the Clerk of this Court notified Stone that the appeal was subject to dismissal because it appeared that the notice of appeal was untimely. *See* TEX. R. APP. P. 26.1(a). The Clerk also warned Stone that the appeal would be dismissed unless, within 21 days of the date of the letter, a response was filed showing grounds for continuing the appeal. *See*

TEX. R. APP. P. 44.3.  Stone filed a response, but the response does not show grounds for continuing the appeal.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing.  TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007).  *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West Supp. 2011).  Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case.  TEX. R. APP. P. 2.  The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by appellant.

Accordingly, this appeal is dismissed.  Stone's pending motions before the Court are dismissed as moot.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed; motions dismissed
(Chief Justice Gray concurring with note)*
Opinion delivered and filed January 29, 2015
[CV06]

*(Chief Justice Gray concurs in the judgment to dismiss Stone's attempted appeal but for a different reason than as stated by the Court and provides the following note:
As I read Stone's amended notice of appeal, motion for leave to file an amended notice of appeal, and his brief, Stone's complaint is that the District Clerk  will not file a new claim because a claim he filed in 1999 was dismissed as frivolous and the filing fee for that 1999 suit remains unpaid.  Based upon the documents attached to Stone's brief,

including a letter from the District Clerk's office dated September 8, 2014, because of the unpaid balance for fees in the 1999 case, all of Stone's documents for his new claim were returned to him and not filed. Accordingly, there is no trial court proceeding from which an appeal can be taken. While the Court has interpreted the documents filed as a complaint about the 1999 judgment, it appears to me that the complaint is actually about how the District Clerk is interpreting the 1999 order and using it as a basis to refuse to file a new proceeding in 2014. It is important to note that the 1999 proceeding was dismissed as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code; and it does not appear Stone was determined to be a vexatious litigant under Chapter 11 of that Code. He does not appear on the list of vexatious litigants maintained by the Office of Court Administration. *See* http://www.txcourts.gov/judicial-data/vexatious-litigants.aspx (updated 1/21/2015). Nevertheless, the District Clerk refuses to file the new proceeding. Thus, Stone's complaint is that the District Clerk refuses to file his new suit due to the unpaid balance on the 1999 suit dismissed as frivolous. Stone appears to have a valid complaint, but we do not have jurisdiction of an appeal from a 2014 suit that was never filed. And we do not have mandamus jurisdiction of a district clerk unless the actions of the district clerk interfere with our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). At this point, Stone's remedy is not an appeal but rather a mandamus filed with the district clerk or a district court to compel the district clerk to file Stone's new suit. *In re Bernard*, 993 S.W.2d 453, 454-455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (Justice O'Connor concurring). Alternatively, Stone could attempt to file the pleading directly with the district court and if refused by the district court, then we would have jurisdiction of a mandamus to compel the district court to file it. *Id*. at 455 ("When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. Tex. R. Civ. P. 74. Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading."); s*ee Simmonds*, 271 S.W.3d at 879.)

