

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00094-CV

TRENT ALVON SMITH, Appellant

V.

THE STATE OF TEXAS, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE – INSTITUTIONAL
DIVISION, Appellees

On Appeal from the 126th District Court
Travis County, Texas
Trial Court No. D-1-GN-14-001313

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

The trial court dismissed Trent Alvon Smith's lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, finding that the indigent inmate's suit was not timely filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2017).[1] Smith filed this appeal arguing that the trial court erred because his petition was filed in Travis County, Texas, in January 2014, and it "relates back" to his previous filing of the same lawsuit in May 2011 in Walker County, Texas.

Because Smith failed to timely file his lawsuit, we affirm the trial court's judgment.

## I.        Background

Smith claimed that he was injured on February 3, 2011, when the State vehicle in which he was being transported collided with another State vehicle. Smith sought relief through the grievance system, and he received a final denial of his grievance on or about May 10, 2011. Eight days later, Smith mailed his petition and its attachments to the Walker County District Clerk's Office. Even so, the clerk did not file the petition. In a letter dated May 20, 2011, the clerk returned Smith's unfiled petition to him and informed him that she could not accept his petition for filing until he paid the $504.84 in outstanding costs assessed against him in a prior, unrelated case that had been dismissed as "frivolous."

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

On January 15, 2014, Smith filed the petition in a Travis County district court.[2] The State answered and moved to dismiss the lawsuit, arguing in part that, under Section 14.005(b), the court had to dismiss the lawsuit because Smith failed to file it within thirty-one days of receiving the written decision from the grievance system. The trial court granted the State's motion and dismissed Smith's petition.

## II. Analysis

In his sole point of error on appeal, Smith argues that the trial court erred in dismissing his lawsuit because his 2014 filing in Travis County related back to his attempted filing in Walker County in 2011.

Chapter 14 of the Texas Civil Practice and Remedies Code governs suits brought by an inmate in which the inmate files an indigence affidavit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Before filing suit, inmates must exhaust their administrative remedies through a grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005. After receiving a written decision from the grievance system, an inmate must file his lawsuit within thirty-one days, or the trial court will dismiss the suit as untimely. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b).

To avoid dismissal, Smith had until June 9, 2011, to file his suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). But Smith's lawsuit was not filed until January 15, 2014, several years after the expiration of the thirty-one-day deadline. *See id.* Smith argues that, under Rule 5 of the Texas Rules of Civil Procedure, commonly known as the mailbox rule, his lawsuit was

---

[2]Smith later amended the petition to include claims for injunctive relief stemming from the same February 2011 incident.

timely filed by operation of law in May 2011, because his suit was properly deposited in the mail on or before the deadline and sent "to the proper clerk" in Walker County. He contends that his 2014 filing in Travis County "relates back" to his attempted filing in Walker County in 2011. We disagree.

Smith's petition was never filed in Walker County because, under Section 14.011(a), the district clerk could not accept his petition for filing until the previously assessed costs and fees were paid.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.011(a) ("[A] clerk of a court may not accept for filing another claim by the inmate until the fees and costs assessed under Section 14.006 are paid."). When provisions of Section 14.011(a) conflict with the mailbox rule, Section 14.011(a) prevails because it is a later, more specific statute. *See* TEX. GOV'T CODE ANN. §§ 311.025, 312.014 (West 2013); *see Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637 (Tex. 2010). Here, there is no indication in the record that Smith ever paid the prior costs assessed against him, and so his 2014 filing in Travis County was untimely under Section 14.005(b). As a result, the trial court correctly dismissed the petition.

---

[3]"[S]ubsection 14.011(a) does not allow a clerk or trial court to refuse to accept for filing another claim by an inmate until the inmate has exhausted or waived his appeal of the [prior] dismissal order at issue." *In re Simmonds*, 271 S.W.3d 874, 883 (Tex. App.—Waco 2008, orig. proceeding). That said, Smith's prior, unrelated case was dismissed as frivolous, and he was assessed $504.84 in costs for the case, but there is no evidence that Smith has a pending appeal from that dismissal.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice


Date Submitted:     March 14, 2019
Date Decided:       May 8, 2019