

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00066-CR

## IN RE ROBERT FIELDS

### Original Proceeding

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F50040

## CONCURRING OPINION

Robert Fields, a prison inmate, has filed this mandamus proceeding in an effort to obtain copies of two documents, the search warrant with the return and the blood alcohol report that resulted from testing the blood that was drawn pursuant to the search warrant. Fields has been convicted of driving while intoxicated. He contends that after his conviction, he requested copies of these documents and offered to pay for the copies that, although they were identified in the Certificate of Discovery, were not actually provided prior to his conviction. In sum, this mandamus proceeding appears to involve about a dollar's worth of copies and postage. Yet, here we are.

In his petition, Fields states that he has requested the documents from the district clerk. The district clerk eventually responded and told Fields he could "contact the

District Attorney's office to request the copies." Fields then made his request to the district attorney. According to Fields, the district attorney did not respond to Fields's requests. Fields also wrote letters addressed to the Honorable John Neill, who had been the trial court judge in the proceeding in which Fields was convicted, requesting that the trial court provide the requested documents. As for a logical source for copies of the documents, Fields does not state whether he requested copies from his previous counsel, if any, and if he did, what response he received from the attorney, if any.

This Court has mandamus jurisdiction to compel a trial court to take action when the action is not discretionary and the person seeking the action has no other adequate remedy at law. *See Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). We do not have mandamus jurisdiction to compel the district clerk or the district attorney to take any action except in rare circumstances which are not present here. *See* TEXAS GOV'T CODE § 22.221(a), (b); *see also In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). In this case, the trial court judge to whom the request was twice made by letters is no longer on the trial bench of that court and was no longer the trial court judge even when the first request was made. The correspondence to Judge Neill may have been filed by the district clerk in the file of the case. There is no indication in what is before us in this proceeding that the current trial court judge is aware of the request.

Fields has included a document that is entitled "Notification of Omitted Evidence, Request for Discovery and Disclosure, T.C.C.P. Art. 39.14(A)(H)(K), TRE 107." The title of the document does not indicate that it is a motion, although it does request a hearing.

However, there is no indication in this proceeding that a request for a ruling on this document has been brought to the trial court's attention or that the trial court has been made aware of the request, or that the current trial court judge has had an adequate time to rule on the request, if any. *See In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding).

The former trial court judge is now a justice on this court and was required to recuse himself from participating in this proceeding. Thus, this Court has had to assign another justice to sit as a member of the panel to decide this proceeding. At a minimum, the cost will likely be about 500 times what the copies and postage would have been. And yet, based on this petition and record, we cannot compel anyone to provide Fields with the copies of the two documents he has been trying to get for over a year. There has to be a better way than this for an inmate to get copies related to his prosecution and incarceration.

Nevertheless, Fields has not shown that providing copies is a ministerial duty of the trial court, former or current, or that the trial court has failed to take any required action, or that if some action was required, that there is not an adequate remedy by appeal. Thus, because Fields has not shown himself entitled to relief by mandamus, the petition for writ of mandamus is properly denied, and I concur in the Court's judgment.

But that ruling does not stop my plea. Would someone, anyone, please provide Fields a copy of the two documents?

TOM GRAY
Chief Justice

Concurring Opinion delivered and filed April 7, 2021
(Justice Davis joins this concurring opinion)
Publish

