

**IN THE**
**TENTH COURT OF APPEALS**

─────────────

**No. 10-22-00148-CV**

**IN RE CHARLES R. BLAKE**

─────────────

**Original Proceeding**

─────────────

**From the 380th District Court**
**Collin County, Texas**
**Trial Court No. 380-51262-2012**

**MEMORANDUM OPINION**

As best we can tell from the cryptic description provided in what we have designated as a petition for writ of mandamus, filed by the Clerk of this Court on May 10, 2022, Charles R. Blake seems to be seeking assistance from this Court to compel the District Clerk of Collin County, the 380th District Court of Collin County, or the Fifth Court of Appeals in Dallas, Texas, to file his pleadings for the purpose of holding the mother of his child to be in contempt and for enforcement of a prior court order.

In his petition, Blake gives various dates he has sent requests to the trial court and clerk, as well as other dates he sent requests to the Fifth Court of Appeals. He alleges that their refusal to accept his tendered filings is a violation of his "constitutional rights and

[his] legal rights per a court order." Blake asserts that because the case originated in a trial court in the Tenth Court of Appeals district, we have jurisdiction to grant relief. We disagree.

We do not have mandamus jurisdiction to compel a district clerk to take any action except in rare circumstances which are not present here. *See* TEX. GOV'T CODE § 22.221(a), (b); *see also In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). More importantly, this Court has no jurisdiction to compel any court or clerk outside this Court's district to do any act. *See* TEX. GOV'T CODE § 22.201(k). Neither Collin County nor the Fifth Court of Appeals is within our district. *Id.*

Accordingly, Blake's petition for writ of mandamus is dismissed for want of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Petition dismissed
Opinion delivered and filed May 25, 2022
[OT06]

