

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00221-CR

## IN RE CLINT HARRISON ELLER

**Original Proceeding**

**From the 440th District Court
Coryell County, Texas
Trial Court No. 20-26322**

## OPINION

Clint Harrison Eller's petition for writ of mandamus was filed on July 24, 2023. Eller seeks to compel the district clerk to file and the trial court judge to rule on various motions that Eller alleges he has presented to the district clerk, but which the district clerk refuses to file. This Court has no jurisdiction to issue a writ of mandamus to compel a district clerk to take any action except in rare circumstances which are not present here. *See* TEX. GOV'T CODE § 22.221 (a), (b); *see also In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding).[1] Accordingly, the petition for writ of mandamus

---

[1] "When a district clerk refuses to accept a pleading presented for filing, the party presenting the document may seek relief by filing an application for writ of mandamus in the district court." *In re Bernard*, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring).

naming the District Clerk as the Respondent is dismissed for want of jurisdiction.

As to the petition for writ of mandamus against the district court judge, unless and until the motion is "properly filed," the trial court has no duty to rule upon it because there is nothing upon which to rule. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) ("trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling."). Accordingly, the petition for writ of mandamus naming the District Court Judge as the Respondent is denied.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Petition dismissed and denied
Opinion delivered and filed August 9, 2023
Publish
[OT06]

