**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00033-CV**
_____

**IN RE DICKSON GLENN SHARP**

**Original Proceeding**
**County Court of Hardin County, Texas**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Dickson Glenn Sharp contends the trial court abused its discretion by failing or refusing to accept and file Sharp's application to declare heirship, and by failing or refusing to respond to Sharp's request to accept an application to declare heirship after the County Clerk refused to accept the petition. We deny the petition for a writ of mandamus.

Sharp is an inmate currently confined in the Correctional Institutions Division of the Texas Department of Criminal Justice. Seeking a declaration of heirship in the matter of the estate of his mother, whom Sharp alleged died intestate in 2022 while residing in Hardin County, Sharp attempted to file an application to declare heirship

and for a determination of the necessity for administration in the County Court of Hardin County, Texas. *See* Tex. Estates Code Ann §§ 32.002(a); 202.005-.006. On November 22, 2023, Connie Becton, the County Clerk of Hardin County, Texas, wrote to Sharp, as follows:

> We have received you[r] application to determine heirship for Eloise Virginia Sharp, deceased, as well as the declaration for inability to pay cost. While we would be more than happy to file your documents, please note that we are not a County Court at law and therefore it is required that an attorney represent you as an heir and an attorney ad litem to represent any unknown heirs.
>
> Further note, that you must be present for an in-person hearing to present testimony. As that is not a possibility now, I have included your filing in this envelope. Once you are available for an in-person hearing, and you have retained an attorney, we will be happy to file your documents and the court would be glad to schedule you on a docket date.

On December 6, 2023, Sharp wrote to Wayne McDaniel, in his capacity as the County Judge of Hardin County, Texas, as follows:

> In regards to the above referenced matter and by this letter, is being brought to your attention and receipt and filing and subsequent cancelation of the filing of an Application To Determine Heirship, that I presented to the County Clerk on November 14, 2023, at cover, that was returned to me on November 22, 2023, at cover.
>
> I previously tendered this Application to you for filing on August 05, 2023, and inquired about the filing of the Application several times, and even requested that you return the Application, if you was [sic] not going to have the document filed. As, of to date I have not received any information from you rega[r]ding this matter.
>
> Therefore, by this letter, I am requesting the filing of the Application. It will be assumed that if a written response is not provided

2

to me within seven (7) days after the receipt of this letter, that no action will be taken by you in this matter to ensure the filing of the Application, so that I can take further action regarding this matter.

If, you have any questions regarding this matter, please feel free to contact me.

Thank you for your prompt attention and kind assistance in this matter.

In the mandamus petition Sharp filed in the Court of Appeals, Sharp cites *In re Simmonds* to support his argument that mandamus relief against the County Judge is appropriate. *See* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). *Simmonds* noted that when a court clerk refuses to file a lawsuit, a person may invoke Rule 74 to file a pleading directly with the judge. *Id*. Rule 74 provides: "The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk." Tex. R. Civ. P. 74.

Generally, to establish a right to mandamus relief a relator must establish a predicate request for action by the Respondent, and the Respondent's erroneous refusal to act. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding). The relief Sharp appears to be seeking in this mandamus proceeding is "that a copy of the foregoing pleading be forwarded to the Respondent directing the filing of the Relator's Application To Declare Heirship, whereby upon

3

it[]s filing, the Respondent has a mandatory duty to appoint an attorney ad litem to represent any unknown heirs to the proceedings." The supporting documents Sharp filed with his mandamus petition might establish that the County Clerk violated her ministerial duty to accept a pleading for filing, but the mandamus relief sought is against Judge McDaniel, not the County Clerk.[1] Sharp has not established that he mailed a copy of the heirship application to Judge McDaniel on December 6, 2023, or that Judge Sharp permitted the filing to be made with him as allowed by Texas Rule of Civil Procedure Rule 74, which permits papers to be filed with the court, "in which event [the judge] shall note thereon the filing date and time and forthwith transmit [the papers] to the office of the clerk." *See* Tex. R. Civ. P. 74. Under the circumstances presented here, we conclude that Sharp has not shown that the trial court clearly abused the discretion granted to a judge to accept a filing directly under Rule 74. Accordingly, we deny the petition for a writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8(a).

---

[1] Sharp's mandamus petition is necessarily limited to the action of the County Judge. *See* Tex. Gov't Code Ann. § 22.221. Therefore, we express no opinion regarding the reasons the County Clerk provided for returning the application to Sharp or her authority to express her opinion about whether Sharp would be allowed to appear *pro se* or present testimony or other evidence to support his application. Our silence should not be considered as an implicit approval of the statements the County Clerk made in her letter to Sharp.

PETITION DENIED.

PER CURIAM

Submitted on April 10, 2024
Opinion Delivered April 11, 2024

Before Golemon, C.J., Horton and Wright, JJ.