NUMBER 13-11-00053-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE KENNETH HICKMAN-BEY

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and
Vela

Per Curiam Memorandum Opinion[1]

 

            Relator,
Kenneth Hickman-Bey, pro se, filed a petition for writ of mandamus in the above
cause on January 24, 2011, seeking to compel the Honorable David Silva, the
County Judge of Bee County, Texas, to direct Mirella Escamilla Davis, the
County Clerk of Bee County, Texas, to file relator’s pro se suit for
enforcement of a monetary judgment.[2] 
According to the petition, relator attempted to file his suit for enforcement
in Bee County, Texas; however, his suit was returned by the County Clerk on
November 19, 2010, because relator did not pay the required filing fee. 
Relator alleges that he subsequently resubmitted his lawsuit for filing and
included information and an affidavit establishing that his enforcement suit
did not require a filing fee.  See generally Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002
& Supp. 2010).  On January 5, 2011, relator sent Judge Silva a letter
informing him that relator’s suit had not yet been filed and requesting assistance
in ensuring that his lawsuit is filed.  As stated herein, we deny the petition
for writ of mandamus.

Traditionally, mandamus relief is
proper only to correct a clear abuse of discretion when there is no adequate
remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
135-36 (Tex. 2004) (orig. proceeding).  Relator has the heavy burden of
establishing both an abuse of discretion by the respondent and an inadequate
appellate remedy.  In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003)
(orig. proceeding) (per curiam).  Relator has the further burden of providing
this court with a sufficient record to establish a right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); see Tex. R. App. P. 52.3(j)(1)(A); 52.7(a).

In the instant
case, relator has failed to meet these burdens.  First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate
Procedure.  See generally Tex. R.
App. P. 52.3(k), 52.7.  Specifically, for instance, the record and
appendix fail to include much of the required, relevant documentation.  See
id. 52.3(k), 52.7.  Second, when a district clerk refuses to accept a
pleading presented for filing, the party presenting the document can seek
relief by filing an application for writ of mandamus in the district court, or
attempting to file the pleading directly with a district judge, explaining in a
verified motion that the clerk refused to accept the pleading for filing.  See
In re Simmonds, 271 S.W.3d 874,
879 (Tex. App.–Waco 2008, orig. proceeding); In
re Bernard, 993 S.W.2d 453, 454-55 (Tex. App.–Houston [1st Dist.] 1999,
orig. proceeding) (O'Connor, J., concurring); see also In re Nubine, No.
13-08-00507-CV, 2008 Tex. App. LEXIS 6534 (Tex. App.–Corpus Christi Aug. 27,
2008, orig. proceeding) (per curiam) (mem. op.).  Here, relator failed to
follow this procedure.  

            The
Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief
sought.  Accordingly, the petition for writ of mandamus is  DENIED.  See
Tex. R. App. P. 52.8(a). 

 

                                                                                                PER
CURIAM

 

 

 

 

Delivered and filed the

27th day of January, 2011.

                                                

 

                                                                                                

 









[1]See
Tex. R. App. P. 52.8(d) (“When
denying relief, the court may hand down an opinion but is not required to do
so.”); Tex. R. App. P. 47.4
(distinguishing opinions and memorandum opinions).  

 





[2]Relator
further filed a “Motion to Suspend Rules for [Copies].”  Having examined and
fully considered this motion, the Court GRANTS this motion.