

NUMBER 13-11-00053-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE KENNETH HICKMAN-BEY

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Garza, Benavides, and Vela
Per Curiam Memorandum Opinion[1]

Relator, Kenneth Hickman-Bey, pro se, filed a petition for writ of mandamus in the above cause on January 24, 2011, seeking to compel the Honorable David Silva, the County Judge of Bee County, Texas, to direct Mirella Escamilla Davis, the County Clerk of Bee County, Texas, to file relator's pro se suit for enforcement of a monetary judgment.[2] According to the petition, relator attempted to file his suit for enforcement in Bee County, Texas; however, his suit was returned by the County Clerk on November

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator further filed a "Motion to Suspend Rules for [Copies]." Having examined and fully considered this motion, the Court GRANTS this motion.

1

19, 2010, because relator did not pay the required filing fee. Relator alleges that he subsequently resubmitted his lawsuit for filing and included information and an affidavit establishing that his enforcement suit did not require a filing fee. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002 & Supp. 2010). On January 5, 2011, relator sent Judge Silva a letter informing him that relator's suit had not yet been filed and requesting assistance in ensuring that his lawsuit is filed. As stated herein, we deny the petition for writ of mandamus.

Traditionally, mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Relator has the heavy burden of establishing both an abuse of discretion by the respondent and an inadequate appellate remedy. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam). Relator has the further burden of providing this court with a sufficient record to establish a right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see* TEX. R. APP. P. 52.3(j)(1)(A); 52.7(a).

In the instant case, relator has failed to meet these burdens. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3(k), 52.7. Specifically, for instance, the record and appendix fail to include much of the required, relevant documentation. *See id.* 52.3(k), 52.7. Second, when a district clerk refuses to accept a pleading presented for filing, the party presenting the document can seek relief by filing an application for writ of mandamus in the district court, or attempting to file the pleading directly with a district judge, explaining in a verified motion that the clerk refused to accept the pleading for

2

filing. *See In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.–Waco 2008, orig. proceeding); *In re Bernard*, 993 S.W.2d 453, 454-55 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring); *see also In re Nubine*, No. 13-08-00507-CV, 2008 Tex. App. LEXIS 6534 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op.).  Here, relator failed to follow this procedure.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought.  Accordingly, the petition for writ of mandamus is  DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
27th day of January, 2011.