

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: MIGUEL ROJAS, JR., | § | No. 08-14-00132-CV |
|  | § | AN ORIGINAL PROCEEDING |
| Relator. | § | ON PETITION FOR WRIT OF |
|  | § | MANDAMUS |

### <u>MEMORANDUM OPINION</u>

Relator, Miguel Rojas, Jr., a Texas inmate, has filed a petition for writ of mandamus against the Honorable Angie Juarez Barill, Judge of the 346th District Court of El Paso County, Texas, and Norma Favela, District Clerk of El Paso County, Texas. Relator seeks an order compelling the District Clerk to file a petition for writ of mandamus previously mailed to the District Clerk's Office. Alternatively, he asks that we order Judge Barill to accept his mandamus petition for filing. We deny mandamus relief.

Relator is a Texas inmate. He mailed a mandamus petition to the El Paso County District Clerk in January 2014, but Relator alleges it has never been filed.[1] Relator wrote to the District Clerk on February 10, 2014, and requested that she file his mandamus petition but he has received no response. Relator filed a mandamus petition in this Court on April 10, 2014,

---

[1] Relator has provided the Court with a copy of his certified mail receipt showing that the District Clerk's Office accepted a document on January 30, 2014. Relator has not provided the Court with a copy of the mandamus petition he attempted to file with the district clerk. He alleges that it is a civil matter and the 346th District Court is the court of "original jurisdiction".

requesting that the Court order the District Clerk to file his mandamus petition. Alternatively, he requests that the Court order Judge Barill to accept his mandamus petition for filing pursuant to TEX.R.CIV.P. 74.

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 135-36.

We will first address Relator's petition for writ of mandamus directed against the District Clerk. A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX. GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id*. § 22.221(a). Thus, we may issue a writ of mandamus to a district clerk only if he or she interferes with the court's jurisdiction. *See id*. at § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding). Relator does not have any pending appeals before this Court and he has failed to show that the District Clerk has interfered with the Court's appellate jurisdiction. Consequently, we do not have jurisdiction to grant the relief requested with respect to the District Clerk. *See In re Bernard*, 993 S.W.2d 453, 454 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding)(holding that the court of appeals lacked jurisdiction to compel the district clerk to file relator's mandamus petition).

Relator also seeks mandamus relief against Judge Barill. Citing *In re Simmonds*, 271 S.W.3d 874 (Tex.App.--Waco 2008, orig. proceeding) and Justice O'Connor's concurring opinion in *Bernard*, Relator asks the Court to order Judge Barill to file his mandamus petition. *See Bernard*, 993 S.W.2d at 454-55 (O'Connor, J., concurring opinion). In *Bernard*, the district

clerk refused to file a mandamus petition and the relator sought mandamus relief in the First Court of Appeals. *Bernard*, 993 S.W.2d at 454. The Court of Appeals concluded it did not have jurisdiction to grant mandamus relief against the district clerk. *In re Bernard*, 993 S.W.2d at 454. Justice O'Connor offered a remedy in her concurring opinion and wrote that when the district clerk refuses to accept a petition or other pleading for filing, the party should attempt to file the pleading directly with the district court as permitted by TEX.R.CIV.P. 74[2], explaining in a verified motion that the clerk refused to accept the pleading for filing. *In re Bernard*, 993 S.W.2d at 454-55 (O'Connor, J., concurring opinion). The concurring opinion went on to state that if the district judge also refuses to accept the pleading for filing, the party could seek mandamus relief in the appellate court. *Id.*

In *Simmonds*, an inmate attempted to file suit against a fellow inmate directly with the district court pursuant to Rule 74 because he anticipated that the district clerk would not file it based on prior correspondence. *In re Simmonds*, 271 S.W.3d at 878-79. The district court refused to file the petition. *Id.* The inmate then attempted to file his petition with the district clerk, but the clerk also refused to file the suit because he had not paid court costs in a previous suit which had been dismissed as frivolous under Chapter 14 of the Civil Practice and Remedies Code. *In re Simmonds*, 271 S.W.3d at 879. The inmate filed a mandamus petition in the Waco Court of Appeals against the district clerk and the district judge. The Waco Court of Appeals concluded that it did not have jurisdiction to grant relief against the district clerk. *In re Simmonds*, 271 S.W.3d at 879. Citing the concurring opinion in *Bernard,* the court of appeals found, however, that the district judge had abused his discretion by refusing to file the petition

---

[2] Rule 74 provides that the filing of pleadings, other papers and exhibits as required by the rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk. TEX.R.CIV.P. 74.

and it conditionally granted the writ of mandamus against the district judge. *In re Simmonds*, 271 S.W.3d at 883.

This Court has not had an occasion to determine whether we will follow *Simmonds* or the concurring opinion in *Bernard*. We decline to decide the question in this case because Relator has not established that he submitted the mandamus petition to Judge Barill for filing in accordance with the procedure discussed in *Simmonds* and the concurring opinion in *Bernard* or that she has refused to file it. Relator has not established that Judge Barill has failed or refused to take any required action or that she has otherwise abused her discretion. Accordingly, we conclude that Relator has not established his entitlement to mandamus relief. The petition for writ of mandamus is denied.

GUADALUPE RIVERA, Justice

May 16, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

- 4 -