

## NUMBER 13-17-00600-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE CHRIS HUGHES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Rodriguez[1]**

Proceeding pro se, Chris Hughes filed a petition for writ of mandamus in this cause on October 25, 2017 through which he seeks to compel the District Clerk of Hidalgo County to release funds allegedly owed to Hughes in trial court cause number T-0380-14-C, styled *Monte Alto ISD et al. v. Doyle et al.*, pending in the 139th District Court of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Hidalgo County, Texas. Relator has not provided us with a record or appendix in support of his claim for relief.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record

2

sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

A court of appeals may issue writs of mandamus against: (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under the code of criminal procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under the family code in the court of appeals district for the judge who appointed the associate judge. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West, Westlaw through 2017 1st C.S.). Further, a court of appeals may issue a writ of mandamus that is "necessary to enforce the jurisdiction of the court." *Id.* § 22.221(a). This court does not have jurisdiction to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this cause insofar as relator's claims do not implicate our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a); *In re Simmonds*, 271 S.W.3d at 879. Accordingly, we DISMISS the petition for writ of mandamus for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a). We DISMISS as moot relator's motion for leave to file the petition for writ of mandamus because the

Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave

to file an original proceeding. *See generally id.* R. 52 & cmt.

                                             NELDA V. RODRIGUEZ
                                             JUSTICE

Delivered and filed the
30th day of October, 2017.