

IN THE
TENTH COURT OF APPEALS

———————

No. 10-19-00131-CV

IN RE THOMAS MICHAEL WELVAERT

———————

Original Proceeding

———————

**MEMORANDUM OPINION**

———————

In this original proceeding, Relator Thomas Michael Welvaert seeks to compel the

Judge of the County Court at Law No. 2 of Brazos County to respond to him that his

"Motion to Voluntary Termination [*sic*] of Parental Rights" has been filed and to rule on

the motion.[1]  Welvaert also mentions that he has not received any reply from the Brazos

County District Clerk.[2]

---

[1] The petition for writ of mandamus has several procedural deficiencies.  *See* TEX. R. APP. P. 52.3.  It also lacks a proper proof of service; a copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service.  *Id.* R. 9.5.  Because of our disposition and to expedite it, however, we will implement Rule of Appellate Procedure 2 and suspend these rules in this proceeding. *Id.* R. 2.

[2] Texas Government Code section 25.0232(g) provides:  "The district clerk serves as clerk of a county court at law in matters of concurrent jurisdiction with the district court, and the county clerk serves as clerk of a county court at law in all other cases."  TEX. GOV'T CODE ANN. § 25.0232(g).

We begin by addressing Welvaert's petition for writ of mandamus to the extent that it seeks mandamus relief against the district clerk. We do not have jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221. Welvaert has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk. To the extent that Welvaert's petition for writ of mandamus seeks relief against the district clerk, it is thus dismissed for want of jurisdiction.

We now turn to that portion of Welvaert's petition for writ of mandamus in which Welvaert seeks to compel the trial court judge to respond to him that his "Motion to Voluntary Termination [*sic*] of Parental Rights" has been filed and to rule on the motion.

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Texas Rule of Civil Procedure 21(a) states:

> *Filing and Service Required.* Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

TEX. R. CIV. P. 21(a). Texas Rule of Civil Procedure 74 further provides:

> The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except

that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

*Id.* R. 74.

Here, the record indicates that because the district clerk had not responded and confirmed the filing of several other documents that Welvaert had previously sent to him, Welvaert decided not to file his "Motion to Voluntary Termination [*sic*] of Parental Rights" with the district clerk. Instead, Welvaert mailed the motion directly to the trial court judge on November 3, 2018, and requested that he "accept this motion and rule on it." Rule 74 states, however, that the judge *may* (not *shall*) permit papers to be filed with him. *Id.* We therefore cannot conclude that the trial court judge clearly abused his discretion by not responding to Welvaert that his "Motion to Voluntary Termination [*sic*] of Parental Rights" had been filed.[3]

Moreover, because there is nothing in the record before this Court to establish that Welvaert's "Motion to Voluntary Termination [*sic*] of Parental Rights" has been properly filed, we cannot conclude that the trial court judge clearly abused his discretion by not ruling on the motion.

---

[3] On the other hand,

> [w]hen a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading.

*In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding) (citation and footnote omitted) (quoting *In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring)). But here, Welvaert did not attempt to file his "Motion to Voluntary Termination [*sic*] of Parental Rights" with the district clerk.

Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. . . .

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

Here, there is nothing in the record to establish that Welvaert's "Motion to Voluntary Termination [*sic*] of Parental Rights" has been properly filed. Welvaert bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1 n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.).

For these reasons, Welvaert's petition for writ of mandamus is denied to the extent it seeks to compel the trial court judge to respond to him that his "Motion to Voluntary Termination [*sic*] of Parental Rights" has been filed and to rule on the motion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Petition dismissed in part and denied in part
Opinion delivered and filed May 1, 2019
[OT06]

