

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00365-CV

## IN RE U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO FIRST UNION NATIONAL BANK AS TRUSTEE FOR MID-STATE TRUST X

## Original Proceeding

**From the County Court
Navarro County, Texas
Trial Court No. CV-10332**

## MEMORANDUM OPINION

Relator, U.S. Bank, asks this Court to issue a writ of mandamus directing Respondent, the County Court Judge of Navarro County, to accept its pending eFiled "Motion for Summary Judgment" and set case number CV-10332 for trial. For the reasons expressed below, we dismiss, in part, and conditionally grant, in part, U.S. Bank's First Amended Petition for Writ of Mandamus.

**BACKGROUND**

In May of 2021, U.S. Bank purchased real property at a foreclosure sale. After the

foreclosure, U.S. Bank sent Real Parties in Interest, Jose Ramirez and Glenda Ramirez (Ramirez) a three-day notice to vacate and demand for possession. Ramirez did not vacate. U.S. Bank filed a forcible detainer action against Ramirez in the justice court. The justice court rendered judgment for U.S. Bank, and Ramirez appealed.

On October 7, 2021, the forcible detainer appeal was docketed in the County Court, Navarro County and set for a bench trial on December 1, 2021. But before the bench trial could take place, Ramirez moved to challenge the County Court's jurisdiction of the forcible detainer appeal based on pending litigation docketed in the 13th Judicial District, and styled as *Edgar Raul Ramirez, Glenda Ramirez, and Jose Paul Ramirez v. Daniel Chilton*.[1] The district court case was filed on November 30, 2020. According to the petition, and the record attached to it, the case pending in the District Court has not been prosecuted—no action has taken place in it since November of 2021. Nevertheless, the December 1, 2021 forcible detainer bench trial was cancelled and re-set for January 18, 2022. The January 18, 2022 bench trial was again cancelled and re-set for March 1, 2022. The March 1, 2022 bench trial setting was cancelled, "PENDING THE OUTCOME OF THE DISTRICT COURT CASE." The trial date was not reset but, instead, was set for a status hearing on December 16, 2022. No status hearing took place.

In April of 2022, U.S. Bank filed a "Motion to Set Trial on the Merits" in the forcible detainer action. Respondent has not ruled on the motion. In November of 2022, U.S. Bank eFiled a "Motion for Summary Judgment" which the clerk has not accepted. It

---

[1] According to the record, this motion has not been decided.

remains in "pending" status in the electronic filing system.

U.S. Bank asserts that it made almost a dozen attempts, via email and phone calls, to Respondent to either set the forcible detainer action for trial or to expedite the acceptance of its Motion for Summary Judgment. Some of these attempts were met with no response.[2] On April 5, 2023, the coordinator for the County Court informed U.S. Bank, "I spoke with the Judge this morning[.] He stated after the District court case is resolved we will schedule the hearing for the Civil case."

## SUMMARY JUDGMENT MOTION

A court clerk has a ministerial duty to accept and file all pleadings presented for filing. *See* TEX. R. CIV. P. 74; *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). However, when a clerk refuses to accept and file a pleading presented, a petition for writ of mandamus filed in the court of appeals is not a proper remedy because a court of appeals has no jurisdiction to compel a clerk to take any action, including filing a pleading, except in rare circumstances which are not present here.[3] *See* TEX. GOV'T CODE § 22.221 (a), (b); *In re Eller*, 672 S.W.3d 194, 195 (Tex. App.—Waco 2023, orig. proceeding). *See also In re Simmonds*, 271 S.W.3d 874 at 879. Thus, we have no jurisdiction to order the clerk to accept and file U.S. Bank's motion for summary

---

[2] Although Respondent and Ramirez responded to the petition, the responses do not dispute any of the factual assertions made by U.S. Bank in its petition and supporting record and appendix.

[3] When a clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. *In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (O'Connor, J., concurring). Should the judge refuse to accept the pleading for filing, the appellate court would have jurisdiction under its mandamus power to direct the judge to file the pleading. *Id*.

judgment.

**MOTION TO SET TRIAL**

Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). Whether the judge has acted within a "reasonable" period of time, depends on the circumstances of the case. *In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding). In this case, the motion to set a trial on the merits has been pending since April of 2022. Respondent has not ruled on the motion and, from the response given to U.S. Bank from the County Court coordinator, has no plans to do so until the case pending in the District Court is resolved. Relator's efforts to obtain a trial setting have been more than adequate to bring it to Respondent's attention, and Respondent has had more than a reasonable amount of time to take action thereon.

**CONCLUSION**

Accordingly, as to the complaint regarding the failure to file the motion for summary judgment, we dismiss the petition for writ of mandamus for want of jurisdiction. As to the "Motion to Set Trial on the Merits," we conditionally grant the petition for writ of mandamus. The writ will issue only if Respondent fails to take action within 21 days from the date of this Court's ruling.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Petition dismissed, in part, and conditionally granted, in part
Opinion delivered and filed January 25, 2024
[CV06]

