

# NUMBER 13-25-00242-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JAMIN STOCKER

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña[1]**

By pro se petition for writ of mandamus, relator Jamin Stocker seeks to compel the

trial court to either file relator's pleadings or instruct the district clerk of Bee County, Texas,

to accept and file his pleadings. Relator asserts that the district clerk has twice rejected

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

his attempt to file a civil lawsuit and the trial court has not responded to his request to file his petition.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.3, 52.7(a).

The Court, having examined and fully considered the petition for writ of mandamus, relator's failure to provide an appendix or record, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. We note that when the district clerk refuses to accept and file a pleading, the aggrieved party may file an application for writ of mandamus in the district court, *see* TEX. GOV'T CODE ANN. § 24.011, or may attempt to file the pleading directly with the district judge, *see* TEX. R. CIV. P. 74, explaining in a verified motion that the clerk refused to accept the pleading for filing. *See In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Bernard*, 993 S.W.2d 453, 454–55 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) (O'Connor, J., concurring); *see also In re Hicks*, No. 01-21-00186-CV, 2021 WL 1618461,

2

at **1–2 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, orig. proceeding) (mem. op., per curiam). We deny the petition for writ of mandamus.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
6th day of May, 2025.