

# NUMBER 13-25-00293-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JAMIN STOCKER

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By pro se petition for writ of mandamus, relator Jamin Stocker seeks to compel the trial court to either file relator's pleadings or instruct the district clerk to do so.[2] According to relator, the district clerk has refused to file relator's original petition alleging a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] We have previously considered and denied a similar petition for writ of mandamus filed by the relator in this case. *See In re Stocker*, No. 13-25-00242-CV, 2025 WL 1318051, at *1 (Tex. App.—Corpus Christi–Edinburg May 6, 2025, orig. proceeding) (mem. op.).

defamation claim, with resultant damages, against an employee of the Texas Department of Criminal Justice.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* Tex. R. App. P. 52.3, 52.7(a). Among other items, the appendix must contain "a certified or sworn copy . . . of any other document showing the matter complained of," and the record must contain, *inter alia*, "a certified or sworn copy of every document that is material to the relator's claim for relief." *Id.* R. 52.3(k)(1)(B), R. 52.7(a)(1).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Relator has not furnished an appendix or record sufficient to support his petition for writ of mandamus, nor has relator availed himself of other available remedies. *See, e.g.*, Tex. Gov't Code Ann. § 24.011; Tex. R. Civ. P. 74; *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Bernard*, 993 S.W.2d 453, 454–55 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) (O'Connor, J., concurring);

*see also In re Hicks*, No. 01-21-00186-CV, 2021 WL 1618461, at *1–*2 (Tex. App.—Houston [1st Dist.] Apr. 27, 2021, orig. proceeding) (mem. op., per curiam). We deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Delivered and filed on the
30th day of May, 2025.